DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

LAW OFFICES OF SAHAG MAJARIAN II
Sahag Majarian, II (SBN 146621)
sahagii@aol.com
18250 Ventura Blvd.
Tarzana, CA 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892

Attorneys for Plaintiff LEONARD EARL SHACKELFORD
on behalf of himself and others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD EARL SHACKELFORD, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SIMPLIFIED LABOR STAFFING SOLUTIONS, INC., a California corporation; DAMCO DISTRIBUTION SERVICES INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:20−cv−06846−AB−AFM<br><br>Class Action Assigned All Purposes To: Hon. Andre Birotte, Jr., Courtroom 7B<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Wages and Overtime Under Labor Code § 510;<br>3. Meal Period Liability Under Labor Code § 226.7;<br>4. Rest-Break Liability Under Labor Code § 226.7;<br>5. Violation of Labor Code § 226(a)<br>6. Violation of Labor Code § 221;<br>7. Violation of Labor Code § 204;<br>8. Violation of Labor Code § 203;<br>9. Failure to Reimburse Necessary Business Expenses under Labor Code § 2802;<br>10. Violation of Business & Professions Code § 17200 *et seq.*; and<br>11. Penalties under PAGA, Labor Code § 2698 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed: November 6, 2019<br>Removed: July 30, 2020 |

- 1 -
SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff LEONARD EARL SHACKELFORD (hereinafter "Plaintiff"), on behalf of himself and all other similarly situated non-exempt, hourly workers employed by Defendants in California (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

**INTRODUCTION**

1.      Plaintiff brings this action on behalf of himself and all other similarly situated current and former Employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed at warehouse and distribution center facilities in California by Defendants SIMPLIFIED LABOR STAFFING SOLUTIONS, INC. ("SLSS, Inc."), a California corporation; DAMCO DISTRIBUTION SERVICES INC. ("Damco"), a Delaware corporation and DOES 1 through 50, inclusive (all defendants being collectively referred to as "Defendants"). Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code, and seeks redress for these violations.

2.      Plaintiff is a resident of California and Los Angeles County, and during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California placed at Defendant Damco's facilities in South Gate, California and within the County of Los Angeles. Defendant Damco operates distribution and warehouse facilities in California and Defendant SLSS, Inc. is a temporary staffing company which jointly employs Employees it places at the Damco facilities. Plaintiff and the other similarly situated Employees of Defendants worked in Defendants' facilities at Defendants' behest without being paid all wages due and without being provided all their required meal periods and rest breaks. Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities; (2) was subjected to the same policies and practices; and (3) endured similar violations at the hands of

Defendants as the other Employee Class members who served in similar and related positions at the Damco California facilities, including both those Employees who were directly hired by Damco and those hired through SLSS, Inc. and placed there.

3.     Defendants required Plaintiff and the Employees in the Class to work off the clock and failed to record accurate time worked by these Employees, including by requiring off the clock work and security screenings and by unlawful rounding to the nearest quarter hour to their detriment, failed to pay them at the appropriate rates for all hours worked, failed to pay all wages due and owing at termination or resignation, and provided Plaintiff and the Class members with inaccurate wage statements that prevented them from learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as Employees were required to remain under Defendants' control and on their premises and were not provided with the opportunity to take full uninterrupted and duty-free rest periods and meal breaks, as required by the Labor Code and the applicable paragraphs of the IWC Wage Orders.

4.     Defendant SIMPLIFIED LABOR STAFFING SOLUTIONS, INC. ("SLSS, Inc.") is a California corporation which lists with the California Secretary of State its principal executive offices in Brea, California in Orange County and lists its type of business as "Staffing Services." Its web-site explains it is a "leading recruiting and staffing provider," and SLSS, Inc. operates based out of multiple locations throughout California, including in Brea, Whittier, West Covina, Ontario, Lynwood, and Carson, California. Upon information and belief, SLSS, Inc. was listed as the employer on the wage statements issued to Plaintiff during his employment.

5.     Defendant DAMCO DISTRIBUTION SERVICES INC. ("Damco") is a Delaware corporation which lists its principal executive offices in New Jersey and does not list a California office with the California Secretary of State, and lists its type of business as "Warehousing and Distribution." The web-site for Damco

SECOND AMENDED CLASS ACTION COMPLAINT

Distribution Services Inc. explains it is a global freight forwarder with a local touch, with an extensive network of dedicated and shared warehousing and distribution operations. Upon information and belief, Damco operates a network of warehouses, distribution centers, and commercial offices throughout California, including in South Gate, California where Plaintiff was employed by Defendants. Defendant Damco, upon information and belief, employs Employee Class members either directly or through temporary staffing agencies, such as named Defendant SLSS, Inc., and SLSS, Inc., upon information and belief, employs and places certain Employees in the Class, such as Plaintiff, at the Damco facilities in California.

6.      Upon information and belief, Defendant Damco hires Employees either directly or through staffing agencies such as SLSS, Inc. Upon information and belief, Damco also maintains control over key aspects of the employment of Plaintiff and the Class members, including controlling their scheduled hours and working conditions, when they receive breaks, and their pay rates, and sets the policies and practices which govern their employment. Although Plaintiff was paid by and received wage statements from SLSS, Inc., it was an employer of Plaintiff with Damco, who jointly controlled the hours worked by Plaintiff and the Class members, including by setting their wage rates and amount of wages paid, and their daily working conditions and the policies and practices that governed their daily employment, just as Damco did for any direct hire Class members and for Class members hired through other staffing agencies.

7.      Additionally, under California Labor Code § 2810.3, Damco shares with SLSS, Inc., and any other staffing agency it uses, in civil legal responsibility for all workers supplied to Damco for their collective failure to pay all earned wages. California Labor Code § 2810.3 requires that "A client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for…the payment of wages." A "labor contractor" (here, e.g., SLSS, Inc.), is defined as "an individual or entity that supplies, either

- 4 -
SECOND AMENDED CLASS ACTION COMPLAINT

with or without a contract, a client employer with workers to perform labor within the client employer's usual course of business." "Client employer" (here Damco) is defined as "a business entity, regardless of its form, that obtains or is provided workers to perform labor within its usual course of business from a labor contractor." Upon information and belief, Defendant Damco is and has been a client employer within the definition of Labor Code § 2810.3 and shares with SLSS, Inc., the labor contractors, all civil legal responsibility and civil liability for the payment of all wages earned by Plaintiff and the Class Members.

8.     Defendants removed this action to federal court on July 30, 2020 pursuant to 28 U.S.C. § 1441(a) and asserted the Court has jurisdiction over this Action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.§ 1332(d), and Plaintiff has yet to challenge federal jurisdiction. This Action is brought as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California Code of Civil Procedure § 382 and Rule 23 of the Federal Rules of Civil Procedure. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq.* and 28 U.S.C.§ 1391. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred, at least in part in Los Angeles County, as Defendant Damco operates the facility in South Gate, California in Los Angeles County where Plaintiff worked and Defendant SLSS, Inc. also maintains offices in Los Angeles County. Defendants therefore employ Plaintiff and other Class members in Los Angeles County and in this district at Defendants' facilities throughout California, and venue is proper in Los Angeles County and the Central District Court.

9.     The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through

10, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

10.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, created and implemented the policies and practices that governed the employment of Plaintiff and the Class members and dictated their job duties and responsibilities, or otherwise suffered or permitted Plaintiff and the other Employee Class members to work, or engaged, thereby creating a common law employment relationship, with the Employee Class members. Therefore, Defendants, and each of them, employed or jointly employed the Employee Class members.

**FACTUAL BACKGROUND**

11.    The Employees who comprise the Class, including Plaintiff, are non-exempt employees of Defendants pursuant to the applicable Wage Order of the Industrial Welfare Commission ("IWC"). During the period of four years prior to the filing of this action through its resolution, Plaintiff and the Class members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Plaintiff also contends that Defendants failed to pay Plaintiff and the Class members all wages due and owing, including by unlawful rounding to their detriment or under-recording of hours worked and by requiring off the clock work, failed to provide meal and rest breaks, and failed to furnish accurate wage statements and timely pay all wages owed, all in

SECOND AMENDED CLASS ACTION COMPLAINT

violation of various provisions of the California <u>Labor Code</u> and applicable paragraphs of the IWC Wage Orders.

12.    During the course of Plaintiff and the Class members' employment with Defendants, they were not paid all wages they were owed, including for all work performed (resulting in "off the clock" work) and for all their overtime hours worked. This has resulted in systematic and ongoing violations of the California Labor Code and relevant IWC Wage Orders. Upon information and belief, Defendants employ other non-exempt, hourly Employees at their facilities in California. Upon information and belief, Defendants' employment of Plaintiff and the Class members is not governed under a collective bargaining agreement.

13.    Defendants' facilities consisted of a warehouse and a yard which all Employees walked to after clocking in. Before doing so, both when they arrive at Defendants' facilities for their work shifts and exited them after completing work shifts, and when taking any meal or rest breaks, Defendants required Plaintiff and the Class members to pass through security screening procedures. Defendants maintain a strict policy and procedure of requiring Plaintiff and the Class members to undergo mandatory security screenings on all these occasions, and the screenings entailed removal of jackets, turning pockets inside out, inspecting all bags and lunches, and passing through metal detectors and being scanned with a wand. There were usually lines for passing through these screening procedures, and when combined with waiting in line and the time it took to be inspected, passing through security when coming or going from the facility generally took at least five to ten minutes. However, while Defendants required Employees in the Class to remain under their control during these security screenings, Defendants unlawfully failed to compensate Plaintiff and the Class members for this time.

14.    Plaintiff would arrive at the main warehouse entrance and enter the security screening area and wait in line. Each Employee in line would then wait to be inspected one by one by security screening personnel, and Defendants' security

SECOND AMENDED CLASS ACTION COMPLAINT

screening policies and practices required Plaintiff and the Class members to empty their pockets on a table and open all bags and lunch boxes and the like for inspection. The security screening personnel would then use a wand scanner to scan the Employee's person for any metal objects and would pat down the Employees as necessary and require them to pass through a metal detector. Once cleared by these security procedures, Plaintiff and the Class members were permitted to exit the security area and proceed to the time clocks.

15. A similar process occurred when Employees exited the building, for work shifts or any breaks, where Employees proceeded through similar exit procedures after they clocked out. There were frequently lines for passing through the security screening procedures, and Plaintiff generally noted that it would take at least five to ten minutes to go through the security screening procedures, with the process taking longer if there was a line. In order to be on time for his work shifts, and to allow for the time it took to pass through security, Plaintiff and the Class members were required to arrive early for work shifts and begin the security screening and clock in process so they would not be considered late. Also, in order to return to work within his scheduled break time, Plaintiff and the Employee Class members would have to cut any break they took short by at least five to ten minutes to allow for security screening times.  Defendants did not lengthen breaks to account for the time it took to pass through security when leaving and returning for breaks, and thus imposed a policy which discouraged employees from leaving Defendants' facilities for breaks.

16. After passing through security screening when entering the facility, Plaintiff and the Class members would then proceed to the time clocks to clock in using a finger scan or badge scan that was capable of recording the to the minute time entries. There was a line to use the clock sometimes, and the process could also take a couple minutes more of off the clock time waiting to clock in. A similar process was followed every time Employees clocked out for a lunch break for a

SECOND AMENDED CLASS ACTION COMPLAINT

shift end time, and Employees were always required to proceed through security after clocking out when exiting the facility, including if they wanted to leave and return quickly for a rest break. On those occasions, employees were still required to pass through security screening, which substantially shortened any rest breaks Employees took if they wanted to step outside the facilities.

17.    Plaintiff was employed by Defendants as a non-exempt, hourly warehouse employee, and was generally assigned to Defendants' operations in the yard portion of the facilities. Plaintiff generally worked five shifts per week scheduled for 8.5 hours, and was generally paid for eight hours on a shift with a 30 minute meal period automatically deducted. However, by requiring off the clock work before shifts and during breaks, and after work shifts for security screenings, Defendants began paying the overtime, when they did pay it, at a point in time later than overtime began accruing, while also neglecting to pay Employees for all their hours worked. Additionally, on the occasions when Defendants required Plaintiff to report to work but then sent him home without letting him work his scheduled shift, Plaintiff was not paid reporting time pay, as required under paragraph 5 of the applicable IWC Wage Orders.

18.    Defendants' timekeeping policies and practices, which upon information and belief applied to all of Defendants' warehouse employees uniformly, did not record actual time punches in and out for work shifts and meal periods, or if they did, these entries were rounded down to the Employees' detriment. If Plaintiff and the other Class members inputted their actual and real times worked, they were rounded down to their substantial detriment to at least the nearest 15-minute increments, perhaps to conform the timekeeping records to their work schedules rather than reflecting the hours they actually worked. Plaintiff and the Class members were therefore systematically underpaid for their hours worked by virtue of the above detailed uncompensated time and Defendant's willful failure to comply with the Labor Code's record keeping requirements. These unlawfully

SECOND AMENDED CLASS ACTION COMPLAINT

rounded time entries were inputted into Defendants' payroll system from which wage statements and payroll checks were created. By implementing policies, programs, practices, procedures and protocols which rounded the hours worked by Class members down to their detriment and systematically failed to pay for all hours worked, Defendants' willful actions resulted in the systematic underpayment of wages to Class members, including underpayment of overtime pay to Class members over the relevant time period. For example, the unlawful rounding addressed above and the off the clock work caused Plaintiff to begin receiving overtime pay, when he did receive it, later than he should have, or to not be paid overtime when he worked hours over eight on a shift or forty in a work week.

19.     Plaintiff was not paid for all his hours worked at the required minimum, overtime and double time wage rates due to Defendants' policy and practice of requiring him to work off the clock and without pay, including during mandatory security screening procedures and by unlawful rounding and including for all overtime hours. Plaintiff contends that Defendants failed to pay him at the required overtime rate for all hours over eight in a shift, or over forty in a week. Defendants also manipulated the work-day and work schedules to minimize or eliminate altogether paying overtime hours. With work shifts generally being scheduled for eight hours or more, this unpaid off the clock work resulted in Plaintiff and the Class members working past eight hours on a shift, which required that they be paid at the correct overtime rate of 1.5 times their regular rate. Defendants thus systematically underpaid Plaintiff and the Class members by failing to pay them at the required overtime rates for all hours over eight in a work shift or over forty in a work week, and all hours over twelve in a day at the required double time rate. Upon information and belief, the Class members were bound by similar scheduling and work policies which Defendants required them to follow, and endured similar violations at Defendants' hands as Plaintiff.

SECOND AMENDED CLASS ACTION COMPLAINT

20.    Defendants have either failed to maintain timekeeping records for Plaintiff that would permit Plaintiff to discover the nature and extent of the off the clock work Defendants' required and the actual hours Plaintiff worked, or have otherwise declined to produce them to Plaintiff in response to a timely and lawful request.  By editing time records, or requiring Plaintiff and the Class member to clock in and out for time periods showing less hours than were actually worked or reflecting compliant meal periods that were never provided, and by failing to pay for all hours worked, including for time during security screening procedures, Defendants have committed knowing and intentional ongoing violations of the record keeping requirements under the Labor Code, including section 1174.

21.    As a result of the above described unlawful requirements to work off the clock, the failure to accurately record all hours worked and unlawful rounding, and the other wage violations they endured at Defendants' hands, Plaintiff and the Class members were not properly paid all wages earned and all wages owed to them by Defendants, including when working more than eight hours in any given day and/or more than forty hours in any given week. As a result of Defendants' unlawful policies and practices, Plaintiff and Class members incurred overtime hours worked for which they were not adequately and completely compensated, in addition to the hours they were required to work off the clock at their regular rates.

22.    Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wages for all time worked, as required by California law. Also, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding

- 11 -

SECOND AMENDED CLASS ACTION COMPLAINT

1    sections of IWC Wage Orders.

2        23.    Defendants also failed to provide Plaintiff and the Class members with

3    their required first and second meal periods, and their first, second, and third

4    required rest breaks. The many and different work demands from managers and

5    customers did not permit those working to take their required breaks or complete all

6    required work within the scheduled times. Also, the distribution and warehouse

7    centers and yards are huge facilities covering a large area, and Employees are

8    stationed throughout the facilities such that it usually takes at least 3-4 minutes to

9    walk to the break room for a break or to get to a time clock to clock out, and even

10    more to get to the main facility entrance if they wanted to leave the facilities during

11    a break. The above described off the clock work and unlawful rounding also

12    contributed to Defendants' common policy of failing to provide lawful meal

13    periods to Plaintiff and the Class members, as required under the Labor Code and

14    Paragraph 11 of the applicable IWC Wage Order(s). Defendants similarly

15    systematically failed to authorize and permit Plaintiff and the employee Class

16    Members to take all required 10-minute rest breaks, as required under the Labor

17    Code and Paragraph 12 of the IWC Wage Order(s).

18        24.    Plaintiff and the Class members generally worked shifts that entitled

19    them to receive at least one meal period and two to three rest breaks. However,

20    Defendants made no efforts to free Plaintiff and the Class members from work

21    demands to take their required duty free breaks, and consistently provided them

22    untimely and for less than the required times. Defendants also followed a policy of

23    denying all required timely and duty-free meal periods for 30 minutes in duration

24    by automatically deducting for meal periods which were presumed to have been

25    properly provided while also systematically shortening breaks by requiring

26    Employees to remain under Defendants' control, such as during security

27    screenings. There was no bell system or other set schedule for when Employees

28    were supposed to take meal periods, and Plaintiff would frequently take a meal

SECOND AMENDED CLASS ACTION COMPLAINT

period later than five hours into his shift due to Defendants' work demands and scheduling requirements or would have his meal periods interrupted or otherwise shortened by work demands. Every time he took a break by leaving the facility, Plaintiff's meal period was also for substantially less than 30 minutes due to security screening times, and on shifts when Class members worked over ten hours, upon information and belief they were not provided with a second meal period. These rest and meal periods were also impermissibly shortened due to the distance Employees had to walk to get to the break room or to get to time clocks and/or leave the facility.

25.     Therefore, Plaintiff and the Class members were required to spend as much as five to ten minutes of any break dedicated to walking to and from the break room or walking to the time clock and clocking out and passing through security off the clock and then passing back through security after returning from break and clocking in then walking back to their work areas.  Defendants' policies and practices thus systematically deny Plaintiff and the Class members full, duty-free ten-minute rest periods and thirty-minute, duty-free meal periods. Additionally, Defendants' enforced a uniform policy that effectively prevented Plaintiff and the Class members from leaving the distribution center premises during their rest breaks. As for meal periods, to the extent Employees were permitted to leave the premises, given the time Employees have to spend to pass through security after the above described walking distance and leave the premises and return during a meal period, they were still impermissibly shortened, as addressed above.

26.     The California Supreme Court has instructed that the rest period requirement "obligates employers to permit-and authorizes employees to take-off-duty rest periods. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time." Plaintiff and the Class members were and are under Defendants' control when they are walking to a break room where they are required to go, and when they are passing

SECOND AMENDED CLASS ACTION COMPLAINT

through required security screening procedures off the clock, and an employer cannot impose any restraints on employees not inherent in the rest period requirement itself. Defendants have provided either impermissibly shortened or untimely and on-duty meal and rest breaks to Plaintiff and the Class members.

27.    Defendants thus failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to Plaintiff and the other Class members, as required by the applicable Wage Orders and Labor Code. Defendants did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other Class members. Plaintiff and other Class members were required to perform work as ordered by Defendants or otherwise remain under Defendants' control for more than five (5) hours during a shift, or ten (10) hours in a shift, but were often required to do so without receiving a lawful, timely, and duty-free 30-mintue meal break. Additionally, as addressed above, Defendants followed a practice of requiring off the clock work and unlawful rounding, in a manner that would impact when Employees were to receive meal periods and rest breaks, thus leading to further violations.

28.    Despite the fact that meal periods were generally either unlawfully provided as untimely or on-duty, Defendants followed a uniform policy and practice of unlawfully deducting hours worked for compliant meal periods and of managers changing timekeeping entries to reflect meal period compliance or otherwise compelling Employees to input compliant entries while returning to perform work duties or respond to customer and manager demands. To the extent Plaintiff and the Class members worked shifts of greater than ten (10) hours worked, they were never provided with second timely and duty-free meal periods.

29.    As a result, Defendants' failure to provide Plaintiff and the Class members with all legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is and will be evidenced by Defendants' business

SECOND AMENDED CLASS ACTION COMPLAINT

records, or lack thereof. Defendants have either failed to maintain required records of when meal periods were actually provided or failed to produce them in response to Plaintiff's timely and lawful requests, or else maintained inaccurate and incomplete records. Defendants also failed to pay Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of pay, for each meal period or rest break that Defendants failed to provide or deficiently provided.

30.    Therefore, for at least four years prior to the filing of this action and through to the present, Plaintiff and the Class members were unable to take off-duty breaks or were otherwise not provided with the opportunity to take required meal breaks due to Defendants' policies and practices. On the occasions when Plaintiff and the Class members were provided with a meal period, it was often untimely or interrupted, or was impermissibly shortened, and Employees were not provided with one (1) hour's wages in lieu thereof. Meal period violations thus occurred in one or more of the following manners:

(a)    Class members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

(b)    Class members were not provided second full thirty-minute duty free meal periods for work days in excess of ten (10) hours;

(c)    Class members were required to work through at least part of their daily meal period(s);

(d)    Meal periods were provided after five (5) hours of continuous work during a shift; and

(e)    Class members were restricted in their ability to take a full thirty-minute meal period.

SECOND AMENDED CLASS ACTION COMPLAINT

31.     Defendants also failed to authorize and permit Plaintiff and the Class members to take duty-free, net ten (10) minute rest breaks for ever four hours of shift work, or major fraction thereof. There were similar issues with the required net-ten minute rest breaks Plaintiff and the Class members were unable to take as with meal periods. The demands for production and work requirements placed upon Plaintiff, including the long distances Plaintiff and the Class members were required to walk to break rooms or time clocks and the time to pass through security screenings and the unlawful rounding of their hours worked, also manifested in Defendants' failure to authorize and permit duty-free, net ten minute rest periods. There were no set break schedules, and Plaintiff and the Class members were required to endure shortened rest periods if they wanted to leave the facility premises to go outside during a break because they were required to pass through security each time. Also, due to the off the clock work addressed above, rest periods were often provided late and were untimely, or Plaintiff and the Class members were required to work through their breaks or remain under Defendants' control during them. On the occasions when Class members worked over ten hours on a shift, upon information and belief they were not provided with a third rest period.

32.     Therefore, the job requirements and duties required of Plaintiff and the Class members, and the demands from management and policies requiring uncompensated security screenings and unlawful rounding, manifested in a failure to authorize and permit Class members to take all their required rest breaks. Plaintiff and the other similarly situated Class members were either not authorized permitted the opportunity to take a rest break, or were required to remain under Defendants' control during them or otherwise had them impermissibly shortened. Defendants also failed to authorize and permit employees to leave the premises during rest breaks, or else effectively prevented them from doing so by the required security screenings, thus further evidencing Defendants' policy and practice of

- 16 -

requiring Plaintiff and the Class members to remain under their control during required off-duty rest breaks.

33.     Defendants' policies and practices thus systematically deny and denied Plaintiff and the Class members full, duty-free ten-minute rest periods and thirty-minute, duty-free meal periods. Employers must permit and authorizes employees to take off-duty rest periods. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. Plaintiff and the Class members were and are under Defendants' control when they are working through rest breaks, including by passing through mandatory screening procedures, and Defendants failed to schedule or account for required first, second, and third rest breaks during the shifts Plaintiff and the Class members generally worked. Defendants have also provided either impermissibly shortened or untimely meal and rest breaks to Plaintiff and the Class members.

34.     Plaintiff and the Defendants' Employees in the Class were also not authorized and permitted to take lawful rest periods, were systematically required by Defendants to work through or during breaks, and were not provided with one (1) hour's wages in lieu thereof. They were required to remain on-duty during breaks or portions of their breaks, thus making them either untimely or shortened and on-duty, and they were also prevented from leaving the premises during rest breaks under Defendants' policies and practices. Rest period violations therefore arose in one or more of the following manners:

(a)     Class members were required to work without being provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

(b)     Class members were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction

SECOND AMENDED CLASS ACTION COMPLAINT

thereof; and

(c)    Class members were required to remain on-duty during rest periods or otherwise had their rest periods interrupted by work demands.

35.    From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have also consistently violated <u>Labor Code</u> § 221 by unlawfully collecting or deducting the Employees' earned wages, including by the above described off the clock work and on-duty work while on unpaid meal breaks and by Defendants' policy and practice of editing records or requiring Plaintiff and the Class members to create time punch records that did not reflect their actual hours worked, of requiring security screenings without compensation, of unlawfully rounding timekeeping entries to the nearest 15 minute increment, and automatically deducting 30 minutes of work for unpaid meal periods Defendants failed to provide. By not compensating Employees for all hours worked, and the automatic deductions for unprovided meal periods and failure to pay for hours, including time spent in mandatory security screening procedures, Defendants unlawfully deducted wages earned by and owed to Plaintiff and the Class members, in violation of <u>Labor Code</u> § 221.

36.    As a result of the above described illegal policies and practices, Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class members he seeks to represent:

a. failing to pay all wages owed to Class members who either were discharged, laid off, or resigned in accordance with the requirements of <u>Labor Code</u> §§ 201, 202, 203;

b. failing to pay all wages owed to the Class members twice monthly in accordance with the requirements of <u>Labor Code</u> § 204;

c. failing to pay Class members all wages owed, including all meal and rest period premium wages;

SECOND AMENDED CLASS ACTION COMPLAINT

d.  failing to maintain accurate records of Class members' earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC Wage Orders; and

e.  failing to produce timekeeping records in response to Plaintiff's timely and lawful request to receive them under these authorities.

37.    From at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have also consistently failed to provide Employees with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws, including by the above-described requirement of off the clock work, unlawful rounding, failure to pay all overtime, and failure to pay premium wages for unprovided or otherwise unlawful meal and rest breaks. Defendants have also made it difficult to account with precision for the unlawfully withheld wages and meal and rest period compensation owed to Plaintiff and the Class, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, time clock punches were not maintained or were not accurately maintained for work shifts and meal periods, which were automatically presumed by Defendants to have been lawfully provided when they were not and which did not include time spent passing through mandatory security screenings. Defendants also failed to accurately record and pay for all regular and overtime hours worked by Plaintiff and the Class members.

38.    Defendants have thus also failed to comply with Labor Code § 226(a) by issuing wage statements that inaccurately reported total hours worked and total wages earned by Plaintiff and the Class members, along with the appropriate applicable rates, among other requirements. Plaintiff and Class members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b). Defendants have also failed to comply with paragraph 7 of the

- 19 -

SECOND AMENDED CLASS ACTION COMPLAINT

applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to <u>Labor Code</u> § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class members. Additionally, Defendant SLSS, Inc. issued wage statements to certain of the Employee Class members, including Plaintiff, that were replete with facial violations of <u>Labor Code</u> § 226(a), including failure to list applicable wage rates and the corresponding hours worked at those rates, failure to list the pay period beginning and ending dates, failure to list the actual employer, and failure to list the assigned location where temporary staffing agency employees were employed for each temporary services assignment. Defendant SLSS, Inc. also failed to provide Employees such as Plaintiff with written notice complying with all the requirements of <u>Labor Code</u> § 2810.5.

39.    Defendants also required Plaintiff and the Class members to work hours off the clock for which they were not compensated, including unlawfully rounded time or time during security screening procedures and during interrupted or otherwise on-duty meal and rest periods. Defendants also failed to pay all overtime premium wages owed for work conducted on a work shift and a work day, as addressed above. Therefore, from at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have also followed a uniform and consistent policy of failing to pay all wages owed to Plaintiff and other similarly situated Employees at the time of their termination or within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws. In view of the above addressed violations, Defendants have also failed to pay all wages owed to Plaintiff and the Class members twice monthly in accordance with the requirements of <u>Labor Code</u> § 204. Additionally, upon information and belief, Defendant Damco is and has been a client employer within the definition of <u>Labor Code</u> § 2810.3. Therefore, SLSS, Inc., the labor contractors, must share all civil legal responsibility

1   and civil liability for the payment of all wages earned by Plaintiff and the Class

2   Members, with Damco.

3        40.    In light of the foregoing, Plaintiff and the Employees in the Class bring

4   this action pursuant to, *inter alia*, <u>Labor Code</u> §§ 201, 202, 203, 204, 218, 218.5,

5   218.6, 221, 226, 226.7, 510, 511, 512, 558, 1174, 1185, 1194, 1194.2, 1197, 1198,

6   1199, 2802, 2698 *et seq.*, and California Code of Regulations, Title 8, section 11000

7   *et seq.*

8        41.    Furthermore, pursuant to <u>Business and Professions Code</u> §§ 17200-

9   17208, Plaintiff and the Class members seek injunctive relief, restitution, and

10  disgorgement of all benefits Defendants have enjoyed from their violations of <u>Labor</u>

11  <u>Code</u> and the other unfair, unlawful, or fraudulent practices alleged in this

12  Complaint.

13                    **<u>CLASS ALLEGATIONS</u>**

14       42.    Plaintiff brings this class action on behalf of himself an all others

15  similarly situated pursuant to <u>Code of Civil Procedure</u> § 382. Plaintiff seeks to

16  represent a Class (or "the Class" or "Class members") defined as follows: "All

17  individuals employed by Defendants at any time during the period of four (4) years

18  prior to the filing of this lawsuit and ending on a date as determined by the Court

19  ("the Class Period"), and who have been employed as non-exempt, hourly

20  employees at Defendant Damco's warehouse and distribution center facilities within

21  the State of California." Further, Plaintiff seeks to represent the Subclasses

22  composed of and defined as follows:

23       a.    <u>Subclass 1.  Minimum Wages Subclass</u>. All Class members who were

24  not compensated for all hours worked for Defendants at the applicable minimum

25  wage.

26       b.    <u>Subclass 2.  Wages and Overtime Subclass</u>. All Class members who

27  were not compensated for all hours worked for Defendants at the required rates of

28  pay, including for all hours worked in excess of eight in a day and/or forty in a

week.

c.      <u>Subclass 3.  Meal Period Subclass</u>. All Class members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

d.      <u>Subclass 4.  Rest Break Subclass</u>. All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

e.      <u>Subclass 5.  Wage Statement Subclass</u>. All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

f.      <u>Subclass 6.  Unauthorized Deductions from Wages Subclass</u>. All Class members who were subject to Defendants' policy and/or practice of deducting wages earned from their pay, including by requiring off the clock work.

g.      <u>Subclass 7.  Failure to Timely Pay Wages Twice Monthly Subclass</u>. All Class members who were subject to Defendants' policy and practice of not timely paying all wages earned when they were due and payable at least twice monthly.

h.      <u>Subclass 8.  Termination Pay Subclass</u>. All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

i.      <u>Subclass 9. Expense Reimbursement Subclass.</u> All Class members who incurred necessary and reasonable expenses in connection with performing their job duties for Defendants and who were subject to a policy and/or practice under which such expenses were not reimbursed.

SECOND AMENDED CLASS ACTION COMPLAINT

k.      Subclass 10.  UCL Subclass. All Class members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

43.      Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the class description with greater particularity or to provide further division into subclasses or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

44.      Defendants, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby Defendants failed to correctly calculate and pay compensation for the time worked by the Plaintiff and the other members of the Class, even though Defendants enjoyed the benefit of this work, required Employees to perform this work and permitted or suffered to permit this work. Defendants have uniformly denied these Class members wages to which these employees are entitled, and failed to provide meal periods or authorize and permit rest periods, in order to unfairly cheat the competition and unlawfully profit.

45.      This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined community of interest in this litigation and the proposed Class is easily ascertainable from the employment records for Plaintiff and the Class members that Defendants are required to maintain under California law.

**A.      Numerosity**

46.      The potential members of the Class as defined are so numerous that joinder of all the Class members is impracticable. While the precise number of Class member has not been determined at this time, Plaintiff is informed and believes that

Defendants employ or, during the time period relevant to this lawsuit employed, at least hundreds of Employees who satisfy the Class definition within the State of California. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all Class members.

**B.    Commonality**

47.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The common questions are numerous and substantial and flow from Defendants' uniform policies and/or practices of violating the California Labor Code addressed above. As such, these common questions predominate over individual questions concerning each individual Class Member's showing as to his or her eligibility for recovery or as to the amount of damages. These common questions of law and fact include:

a.    Whether Defendants failed to pay Employees minimum wages;

b.    Whether Defendants failed to pay Employees wages for all hours worked;

c.    Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

d.    Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

e.    Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to authorize and permit Employees to take requisite rest breaks or provide premium pay in lieu thereof;

f.    Whether Defendants violated Labor Code § 226(a) by providing Employees with inaccurate wage statements;

g.    Whether Defendants violated Labor Code § 221;

h.    Whether Defendants violated Labor Code §§ 201, 202, and 203 by

1    failing to pay wages and compensation due and owing at the time of

2    termination of employment;

3        i.    Whether Defendants' conduct was willful;

4        j.    Whether Defendants violated Labor Code § 226 and § 1174 and the

5    IWC Wage Orders by failing to maintain accurate records of Class

6    members' earned wages and work periods;

7        k.    Whether Defendants violated Labor Code § 1194 by failing to

8    compensate all Employees during the relevant time period for all hours

9    worked, whether regular or overtime;

10       l.    Whether Defendants violated Labor Code § 204 by failing to pay

11   Employees all wages earned at least twice monthly;

12       m.    Whether Defendants violated Business and Professions Code § 17200

13   *et seq.*;

14       n.    Whether Employees are entitled to equitable relief pursuant to Business

15   and Professions Code § 17200 *et seq.*; and

16       o.    Whether SLSS, Inc. should share with Damco responsibility for all

17   workers placed at Damco's California facilities under California Labor

18   Code § 2810.3.

19   **C.    Typicality**

20   48.    The claims of the named plaintiff are typical of those of the other

21   Employees. The Employee Class members all sustained injuries and damages

22   arising out of and caused by Defendants' common course of conduct and uniformly

23   applied policies in violation of statutes, as well as regulations, that have the force

24   and effect of law, as alleged herein. Plaintiff's claims for the off the clock work and

25   meal and rest violations he was required to endure are typical of those of the other

26   Class members.

27   **D.    Adequacy of Representation**

28   49.    Plaintiff will fairly and adequately represent and protect the interest of

- 25 -
SECOND AMENDED CLASS ACTION COMPLAINT

the Employee Class members. Counsel who represents Plaintiff and the Employees in the Class are experienced and competent in litigating employment class actions.

**E.    Superiority of Class Action**

50.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee in the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

51.    As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class members. Further, as the economic or other loss suffered by vast numbers of Class members may be relatively small, the expense and burden of individual actions makes it difficult for the Class members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

52.    Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment. Plaintiff contemplates the eventual issuance of notice to the proposed Class members that would set forth the subject and nature of the instant action. The Defendants' own business records can be

SECOND AMENDED CLASS ACTION COMPLAINT

utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

53.    Defendants, as prospective and actual employers of the Employees in the Class, had a special fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon the similarly situated Employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Employees and Class as a whole.

54.    Plaintiff and the Employees in the Class did not discover the fact that they were entitled to all pay under the <u>Labor Code</u> until shortly before the filing of this lawsuit nor was there any discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by jury, to collectively organize and oppose unlawful pay practices under California law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation tolled until such time as Plaintiff and the Class members discovered their claims.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES
### (Against All Defendants)

55.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

56.    Defendants failed to pay Employees minimum wages they were owed, including by their consistent policy of failing to pay Employees for all hours

worked. Employees would work hours and not receive wages, including as alleged above in connection with off the clock work, including all the time required to remain on duty and under Defendants' control during security screening procedures and during breaks and due to the work demands placed upon them by Defendants' management, and due to the unlawful rounding, all addressed in detail above. Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted and/or modified Employee hours, or required Employees to do so, and imposed difficult to attain job and shift scheduling requirements on Plaintiff and the Class members, which resulted in off the clock work and underpayment of all wages owed to Employees over a period of time, while benefiting Defendants. During the relevant time period, Defendants thus regularly failed to pay minimum wages to Plaintiff and the Class members, including by requiring systematic off the clock work. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to Plaintiff and the other members of the Class as to minimum wage pay.

57.    In California, employees must be paid at least the then applicable state minimum wage for all hours worked, including under Labor Code § 1197, IWC Wage Order MW-2014, and paragraphs 2(K), 2(S), and 4(A)-4(C) of the applicable IWC Wage Orders. Paragraph 2(H) of the applicable IWC Wage Orders defines "Hours Worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.  Defendants failed to do so.

58.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the

minimum so fixed is unlawful."

59.    The applicable minimum wage rate fixed by the commission for work during the relevant period is found in the Wage Orders.

60.    The minimum wage provisions of California <u>Labor Code</u> are enforceable by private civil action pursuant to <u>Labor Code</u> § 1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

61.    As described in California <u>Labor Code</u> §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also, California <u>Labor Code</u> §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate, or at the minimum rate in the absence of a contractually agreed upon one.

62.    In committing these violations of the California <u>Labor Code</u>, Defendants inaccurately recorded, or required Plaintiff and the Class members to input times that did not reflect their actual hours worked, or calculated the correct time worked and consequently underpaid the actual time worked by Plaintiff and other members of the Class, including by requiring off the clock work, as addressed in detail above. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California <u>Labor Code</u>, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a result of these violations, Defendants also failed to timely pay all wages earned in accordance with California <u>Labor Code</u> § 1194.

SECOND AMENDED CLASS ACTION COMPLAINT

63.    California <u>Labor Code</u> § 1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

64.    In addition to restitution for all unpaid wages, pursuant to California <u>Labor Code</u> § 1197.1, Plaintiff and Class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

65.    Pursuant to California <u>Labor Code</u> § 1194.2, Plaintiff and Class members are further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

66.    Additionally, paragraph 5(A) of the applicable IWC Wage Order(s) requires that for "[E]ach workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage." Also, California <u>Labor Code</u> §1198 instructs that: states, "the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." On such days when Defendant required Plaintiff and the Class Members to report to work only to be sent home because work was not available, they were not paid required reporting time wages for the hours they waited without receiving their regular hourly rate of pay for them. Under Section 20(A) of the applicable IWC Wage Orders, Plaintiff and the Class members are entitled to recover civil penalties,

SECOND AMENDED CLASS ACTION COMPLAINT

in addition to other penalties, for each underpaid Employee for violation of Section 5 of the IWC Wage Orders in the amount of $50 for the initial violation and $100 for subsequent violations during each relevant pay period when Defendants failed to pay reporting time pay. These reporting time pay violations also give rise to violations of Labor Code §§ 203 and 226.

67.    Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

68.    Additionally, under California Labor Code § 2810.3, Damco shares with SLSS, Inc., and any other staffing agency it uses, in civil legal responsibility for all workers supplied to Damco for their collective failure to pay all earned wages. California Labor Code § 2810.3 requires that "A client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for…the payment of wages." A "labor contractor" (here, e.g., SLSS, Inc.) is defined as "an individual or entity that supplies, either with or without a contract, a client employer with workers to perform labor within the client employer's usual course of business." "Client employer" (here Damco) is defined as "a business entity, regardless of its form, that obtains or is provided workers to perform labor within its usual course of business from a labor contractor." Upon information and belief, Defendant Damco is and has been a client employer within the definition of Labor Code § 2810.3 and shares with SLSS, Inc., the labor contractors, all civil legal responsibility and civil liability for the payment of all wages earned by Plaintiffs and the Class Members. Damco is a joint employer of Plaintiff and some of the other Class Members, with SLSS, Inc., including for the reasons set forth above.

69.    Wherefore, Plaintiff and the Employee Class members are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated

SECOND AMENDED CLASS ACTION COMPLAINT

damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California <u>Labor Code</u> § 1194(a). Plaintiff and the other members of the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory and/or civil penalties against Defendants, in a sum as provided by the California <u>Labor Code</u>, including § 558, and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the Class members who have terminated their employment, Defendants' conduct also violates <u>Labor Code</u> §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California <u>Labor Code</u> § 203, which penalties are sought herein on behalf of these Class members. Defendants' failure to timely pay all wages owed also violated <u>Labor Code</u> § 204 for failure to pay all wages owed twice monthly, and resulted in violations of <u>Labor Code</u> § 226 because they resulted in the issuance of inaccurate wage statements. Defendants' conduct as alleged herein was willful, intentional and not in good faith. Further, Plaintiff and other Class members are entitled to seek and recover statutory costs.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND OVERTIME <u>LABOR CODE</u> § 510**

**(Against All Defendants)**

70.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

71.    California <u>Labor Code</u> § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Division of Labor Standards and Enforcement.

72.     By their conduct, as set forth herein, Defendants violated Labor Code § 1194 and Labor Code § 510 (and paragraphs 2(K), 2(S), 3(A) and 4(A)-4(B) of the relevant orders of the Industrial Welfare Commission) by failing to pay Employees for all their hours worked, including: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not paying Employees wages for all hours worked, including by requiring off the clock work during security screenings and unlawful rounding as addressed above and by under-reporting actual hours worked. With work shifts generally being scheduled for eight hours or more, this unpaid off the clock work resulted in Plaintiff and the Class members working past eight hours on a shift, which required that they be paid at the correct overtime rate of 1.5 times their regular rate.

73.     Defendants thus had a consistent policy of not paying Employees wages for all hours worked, including hours at their required regular, overtime, and double-time rates. Defendants, and each of them, have intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, including Plaintiff's, or required Plaintiff and the Class members to do so, or otherwise caused them to work off the clock to avoid paying Plaintiff and the Class members all earned and owed straight time and overtime wages and other benefits, in violation of the California Labor Code, the California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt employees to work through meal periods when they were required to be clocked out or to otherwise work off the clock to

SECOND AMENDED CLASS ACTION COMPLAINT

complete their daily job duties or to attend and participate in company required activities. Therefore, Employees were not properly compensated, nor were they paid overtime rates for hours worked in excess of eight hours in a given day, and/or forty hours in a given week. Based on information and belief, Defendants did not make available to Employees a reasonable protocol for correcting time records when Employees worked overtime hours or to fix incorrect time entries or those that Defendants unlawfully under-recorded to the Employee's detriment.

74.     Defendants' failure to pay Plaintiff and the Class members the unpaid balance of regular wages owed and overtime compensation for all hours worked, as required by California law, violates the provisions of Labor Code §§ 510 and 1198 and paragraph 3(A) of the applicable IWC Wage Order, and is therefore unlawful.

75.     Additionally, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Class members seek the remedies set forth in Labor Code § 558.

76.     Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all

- 34 -

SECOND AMENDED CLASS ACTION COMPLAINT

wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California <u>Labor Code,</u> Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California <u>Labor Code</u> § 204.

77.    Employees have been damaged by these violations of California <u>Labor Code</u> §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission). Additionally, under <u>Labor Code</u> § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates…any provision of this chapter or any order or ruling of the commission."

78.    Additionally, under California <u>Labor Code</u> § 2810.3, Damco shares with SLSS, Inc., and any other staffing agency it uses, in civil legal responsibility for all workers supplied to Damco for their collective failure to pay all earned wages. California <u>Labor Code</u> § 2810.3 requires that "A client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for…the payment of wages." A "labor contractor" (here, e.g., SLSS, Inc.) is defined as "an individual or entity that supplies, either with or without a contract, a client employer with workers to perform labor within the client employer's usual course of business."  "Client employer" (here Damco) is defined as "a business entity, regardless of its form, that obtains or is provided workers to perform labor within its usual course of business from a labor contractor." Upon information and belief, Defendant Damco is and has been a client employer within the definition of <u>Labor Code</u> § 2810.3 and shares with SLSS, Inc., the labor contractors, all civil legal responsibility and civil liability for the payment of all wages earned by Plaintiffs and the Class Members.

Damco is a joint employer of Plaintiff and some of the other Class Members, with SLSS, Inc., including for the reasons set forth above.

79.    Consequently, pursuant to the California Labor Code, including Labor Code §§ 204, 510, 558, 1174, 1194, 1198, 1199, and the relevant paragraphs of the IWC Wage Orders, including paragraphs 2(K), 2(S), 3(A), 4, and 20, Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation for all their hours worked, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

### THIRD CAUSE OF ACTION

### MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7

### (Against All Defendants)

80.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

81.    Employees regularly worked shifts greater than five (5) hours and in most instances, greater than ten (10) hours. Pursuant to Labor Code § 512, and paragraph 11 of the applicable IWC Wage Order, an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

82.    Defendants failed to provide Employees with meal periods as required under the Labor Code and paragraph 11 of the applicable IWC Wage Order. Employees were often required to work or to otherwise remain under Defendants' control during meal periods, or Defendants provided them after Employees worked beyond the fifth hour of their shifts or Employees otherwise had them shortened and interrupted by work demands and requirements to remain under Defendants' control

during security screening procedures. Furthermore, upon information and belief, on the occasions when Employees worked more than ten (10) hours in a given shift, they did so without receiving a second uninterrupted thirty (30) minute meal period as required by law.

83.    Defendants thus failed to provide Plaintiff and the Class members with meal periods as required by the <u>Labor Code</u> and paragraph 11 of the applicable IWC Wage Order, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them to perform work during breaks.

84.    Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under <u>Labor Code</u> § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants failed to compensate the Employees in the Class for each meal period not provided or inadequately provided, as required under <u>Labor Code</u> § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order.

85.    Upon information and belief, Defendant Damco is and has been a client employer within the definition of <u>Labor Code</u> § 2810.3. Therefore, SLSS, Inc., the labor contractor, must share all civil legal responsibility and civil liability for the payment of all wages earned by Plaintiff and the Class Members, with Damco, including the premium penalty wages owed for Defendants' failure to provide meal periods.

86.    Therefore, pursuant to <u>Labor Code</u> § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order, Employees in the Class are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial, as

well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and other statutes and applicable IWC Wage Order paragraphs.

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

**(Against All Defendants)**

87.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

88.    <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours.

89.    Employees consistently worked consecutive four (4) hour shifts and were generally scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to authorize and permit them to take rest periods. Pursuant to the <u>Labor Code</u> and paragraph 12 of the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, and Defendants failed to provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift. Employees were often required to work or to otherwise remain under Defendants' control during rest periods, and had breaks provided untimely as a result of the above described off the clock work. Plaintiff and the Class members were also not permitted to leave their work premises during rest breaks, as Defendants made no efforts to extend breaks to account for the time required to pass through security screening procedures.

90.    <u>Labor Code</u> §§ 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest

period is not provided.

91.    Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

92.    Defendants failed to authorize and permit Plaintiff and the Class members to take rest periods, as required by the Labor Code. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders.

93.    Upon information and belief, Defendant Damco is and has been a client employer within the definition of Labor Code § 2810.3. Therefore, SLSS, Inc., the labor contractor, must share all civil legal responsibility and civil liability for the payment of all wages earned by Plaintiff and the Class Members, with Damco, including the premium penalty wages owed for Defendants' failure to provide rest breaks.

94.    Therefore, pursuant to Labor Code § 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

## FIFTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226(a)

### (Against All Defendants)

95.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

- 39 -

96.    California <u>Labor Code</u> § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

97.    Defendants failed to provide Plaintiff and the similarly situated Employee Class members with accurate itemized wage statements in writing, as required by the <u>Labor Code</u> and paragraph 7 of the applicable IWC Wage Orders. Specifically, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay, including by failing to pay for all hours worked when passing through security screenings and due to unlawful rounding, failure to pay for all overtime hours worked and for providing deficient meal periods and rest breaks, all of which Defendants knew or reasonably should have known were owed to the Employees, as alleged above.

98.    Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at

SECOND AMENDED CLASS ACTION COMPLAINT

1    each hourly rate by the employee pursuant to <u>Labor Code</u> § 226 and paragraph 7 of

2    the applicable IWC Wage Orders, amongst other statutory requirements. Defendants

3    knowingly and intentionally failed to provide Plaintiff and the Class members with

4    such timely and accurate wage and hour statements.

5         99.    Additionally, Defendant SLSS, Inc. issued wage statements to certain

6    of the Employee Class members, including Plaintiff, that were replete with facial

7    violations of <u>Labor Code</u> § 226(a), including failure to list applicable wage rates

8    and the corresponding hours worked at those rates, failure to list the pay period

9    beginning and ending dates, failure to list the actual employer, and failure to list the

10   assigned location where temporary staffing agency employees were employed for

11   each temporary services assignment. Defendant SLSS, Inc. also failed to provide

12   Employees such as Plaintiff with written notice complying with all the

13   requirements of Labor Code § 2810.5.  Additionally, Defendant SLSS, Inc.

14   required Plaintiff to go to its company offices to receive a wage statement if he

15   wanted to receive one on the occasions when SLSS, Inc. failed to provide it to him

16   with his pay check.

17        100.   Plaintiff and the Class members suffered injury as a result of

18   Defendants' knowing and intentional failure to provide them with the wage and

19   hour statements as required by law and are presumed to have suffered injury and

20   entitled to penalties under <u>Labor Code</u> § 226(e), as the Defendants have failed to

21   provide an accurate wage statement, failed to provide accurate and complete

22   information as required by any one or more of items <u>Labor Code</u> § 226 (a)(1) to

23   (9), inclusive, and the Plaintiff and Class members cannot promptly and easily

24   determine from the wage statement alone one or more of the following: (i) The

25   amount of the gross wages or net wages paid to the employee during the pay period

26   or any of the other information required to be provided on the itemized wage

27   statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii)

28   Which deductions the employer made from gross wages to determine the net wages

SECOND AMENDED CLASS ACTION COMPLAINT

paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

101. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

102. Therefore, as a direct and proximate cause of Defendants' violation of Labor Code § 226(a) and paragraphs 4(b), 7, and 20 of the applicable IWC Wage Orders, the Employees in the Class suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

103. Pursuant to Labor Code §§ 226(a) and 226(e), and paragraph 20 of the applicable IWC Wage Order, Plaintiff and the Employee Class members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand

SECOND AMENDED CLASS ACTION COMPLAINT

dollars ($4,000) under Section 226(e), and are entitled to recover further penalties pursuant to paragraphs 4(B) and 20 of the applicable IWC Wage Orders. They are also entitled to an award of costs and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 221**

**(Against All Defendants)**

104.   Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

105.   <u>Labor Code</u> § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Additionally, pursuant to California <u>Labor Code</u> § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

106.   Defendants unlawfully received and/or collected wages from the Employees in the Class by implementing a policy understating the hours worked by Employees, by requiring off the clock work during security screenings and unlawful rounding, and by automatically deducting time for meal periods when they were not lawfully provided, as alleged above.

107.   As a direct and proximate cause of the unauthorized deductions, Employees have been damaged, in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 204**

**(Against All Defendants)**

108.   Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

109.   <u>Labor Code</u> § 204 instructs that: "All wages, …earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed

- 43 -

between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Additionally, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." As detailed above, Defendants maintained a consistently applied policy and practice of not paying all wages earned between the 1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between the 1st and 10th day of the following month. This included failing to pay all wages due and owing to Plaintiff and the Class members for all hours they worked and failing to pay all wages earned by not more than seven calendar days following the close of the payroll period.

110.    All wages due and owing to Plaintiff and the Class members, including as required under Labor Code § 510, were therefore not timely paid by Defendants. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled. Additionally, the wage statements issued by Defendant SLSS, Inc. failed to list all hours worked at the applicable rates and undercompensated Plaintiff and the Class members, thus giving rise to further failure to timely pay wages violations.

111.    Defendants violated Labor Code § 204 by systematically refusing to timely pay wages due under the Labor Code, as addressed above. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …"

SECOND AMENDED CLASS ACTION COMPLAINT

Under <u>Labor Code</u> § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of <u>Labor Code</u> § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

112.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of wages in amounts to be determined at trial, and they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to <u>Labor Code</u> § 210, 218.5, 1194 and 1198, and paragraphs 4(B) and 20 of the applicable IWC Wage Orders.

## EIGTH CAUSE OF ACTION

## VIOLATION OF <u>LABOR CODE</u> § 203

### (Against All Defendants)

113.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

114.    Plaintiff and numerous Class members are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

115.    Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation, as addressed in detail above.

116.    The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment.

117.    Defendants failed to pay Plaintiff and the Class members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular and overtime wages, including by Defendants failing to pay for all hours worked or requiring off the clock work or by

SECOND AMENDED CLASS ACTION COMPLAINT

unlawfully under-recording time entries to the detriment of Employees and failing to pay Employees during security screenings, and Defendants failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

118.    Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of Labor Code § 203 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.  Also, under Labor Code § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates…any provision of this chapter or any order or ruling of the commission."

119.    Upon information and belief, Defendant Damco is and has been a client employer within the definition of Labor Code § 2810.3. Therefore, SLSS, Inc., the labor contractor, must share all civil legal responsibility and civil liability for the payment of all wages earned by Plaintiff and the Class Members, with Damco, including the failure to pay all wages due and owing upon termination or separation from Defendants' employment.

120.    Defendants' failure to pay wages, as alleged, entitles Plaintiff and these former Employee Class members to penalties under Labor Code § 203 and the applicable paragraphs of the IWC Wage Orders as addressed above, including the

- 46 -

SECOND AMENDED CLASS ACTION COMPLAINT

requirement that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

## NINTH CAUSE OF ACTION

## FOR FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES UNDER LABOR CODE § 2802

### (Against All Defendants)

121.   Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

122.   Plaintiff further alleges that throughout the period applicable, Defendants required Plaintiff and the Class members to pay for necessary work related expenses they incurred without reimbursing them. Labor Code § 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

123.   Defendants thus followed a uniform policy and practice of failing to reimburse Employees in the Class for these necessary work related expenses pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders, paragraph 9. Defendants failed to indemnify Plaintiff and aggrieved employees for all necessary expenditures or losses incurred by Plaintiff and aggrieved employees in direct consequence of the discharge of their duties.  Specifically, Defendants failed to indemnify Plaintiff and aggrieved employees for the costs of maintaining their work vests and costs of purchasing and maintaining their own tools to perform their job duties. In violation of the Labor Code, Defendants failed to reimburse Plaintiff and aggrieved employees for these business-related expenditures.

124.   By virtue of Defendants' unlawful actions, Plaintiff and the aggrieved employees have suffered, and will continue to suffer, damages in amounts which are presently unknown. But will be ascertained according to proof at trial.

SECOND AMENDED CLASS ACTION COMPLAINT

125.   Therefore, Plaintiff and the Class members are entitled to reimbursement for any and all necessary work related expenses, as provided for in Labor Code § 2802(b) and paragraph 9 of the applicable IWC Wage Orders, incurred during the direct discharge of their duties while employed by Defendants, as well as accrued interest on those expenses that were not reimbursed from the date Plaintiff and the Class members incurred those expenses. Further, Plaintiff and the Class members are entitled to costs and attorney's fees pursuant to Labor Code § 2802(c).

126.   Plaintiff, individually and on behalf of the aggrieved employees and the State of California also seeks attorneys' fees and costs pursuant to Labor Code section 2699(g) and California Code of Civil Procedure section 1021.5.

## TENTH CAUSE OF ACTION

## VIOLATION OF <u>BUSINESS & PROFESSIONS CODE</u> § 17200 *ET SEQ.*

### (Against All Defendants)

127.   Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

128.   Plaintiff, on behalf of himself, the Employees in the Class, and the general public, brings this claim pursuant to <u>Business & Professions Code</u> § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of <u>Code of Civil Procedure</u> § 1021.5.

129.   Plaintiff is a "person" within the meaning of <u>Business & Professions Code</u> § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

130.   <u>Business & Professions Code</u> § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to provide

- 48 -
SECOND AMENDED CLASS ACTION COMPLAINT

the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiff and Class members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

131.   Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

132.   Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

133.   Defendants' conduct, as alleged above, constitutes unfair competition in violation of the Business & Professions Code § 17200 *et seq.*

134.   Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime and tips, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of reasonable care should have known that their

- 49 -
SECOND AMENDED CLASS ACTION COMPLAINT

conduct was unlawful; therefore their conduct violates the <u>Business & Professions Code</u> § 17200 *et seq*.

135.   By the conduct alleged herein, Defendants have engaged and continue to engage in a business practice which violates California and federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, and the California <u>Labor Code</u> including Sections 204, 226, 226.7, 510, 512, 1194, 1197, and 1198 for which this Court should issue declaratory and other equitable relief pursuant to California <u>Business & Professions Code</u> § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

136.   As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

137.   Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the <u>Business & Professions Code</u>, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the <u>Business & Professions Code</u>, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

## ELEVENTH CAUSE OF ACTION

### PENALTIES PURSUANT TO <u>LABOR CODE</u> § 2698, *ET SEQ*.

### (Against All Defendants)

138.   Plaintiff realleges and incorporate all preceding paragraphs, as though set forth in full herein.

139.   Plaintiff and the Employees in the Class are also aggrieved employees as defined under <u>Labor Code</u> § 2699(c) in that they suffered the violations alleged in

SECOND AMENDED CLASS ACTION COMPLAINT

1  this Complaint and either were or are employed by the alleged violators,

2  Defendants.

3       140.   In failing to pay Aggrieved Employees minimum wages and overtime,

4  not providing proper meal and rest periods, failing to provide accurate itemized

5  wage statements, and failing to pay Employees wages upon termination or timely

6  upon resignation, all discussed above, Defendants failed to timely pay Aggrieved

7  Employees wages on a semimonthly basis as required under Labor Code § 204.

8  Defendants also failed to maintain records showing accurate hours worked daily and

9  the wages paid to Aggrieved Employees, as required by Labor Code § 1174 and

10  paragraph 7 of the applicable IWC Wage Orders.

11      141.   As such, Employees seek wages and penalties under Labor Code §§

12  2698 and 2699 for Defendants' violation of Labor Code provisions included under

13  Labor Code § 2699.5, including the penalty provisions, without limitation, based,

14  *inter alia*, on the following California Labor Code sections: 201, 202, 203, 204, 226,

15  226.2, 226.7, 510, 512, 558, 1174, 1174.5, 1185, 1194, 1194.1, 1194.2, 1197,

16  1197.1, 1198, 1199, and 2698 *et seq*.

17      142.   More specifically, after complying with the notice procedures of  Labor

18  Code § 2699.3, Plaintiff asserts, as a representative action on behalf of the California

19  Attorney General and the other similarly Aggrieved Employees, a PAGA claim for

20  violations of the above addressed underlying claims and seeking penalties as

21  specified by the applicable corresponding provisions, including as follows:

22      (a)    Wage Claims: For failure to provide Plaintiff and the Aggrieved

23  Employees all earned regular pay and minimum wages for regular hours worked and

24  for failure to pay overtime premium wages for overtime hours worked under Labor

25  Code §§ 226.2, 510, 1194(a), 1197, and 1198, and paragraphs 2(K), 3(A), 4(A), 4(B)

26  and 20 of the applicable IWC Wage Order(s) seeking all civil and statutory penalties

27  available and applicable, and wages, under Labor Code §§ 510, 558, 1194.2, 1197.1,

28  1199, 2699(f)(2), and 2699.5, and also for attorneys' fees and costs pursuant to

- 51 -

SECOND AMENDED CLASS ACTION COMPLAINT

1   Labor Code § 2699(g)(1);

2       (b)   Meal and Rest Period Claims: For failure to provide Plaintiff and the

3   Aggrieved Employees off-duty, timely, and unpaid meal periods and failure to

4   authorize and permit them to take off-duty, timely, and paid rest periods, or pay one

5   hour of regular pay in lieu thereof, under Labor Code §§ 512, 1198, and 226.7, and

6   Sections 11, 12(A), and 12(B) of the applicable IWC Wage Order(s) seeking all civil

7   and statutory penalties available and applicable, including under paragraph 20 of the

8   applicable IWC Wage Orders, and wages under Labor Code §§ 226.7, 512, 558,

9   including sections 558(a)(1)-(3), 1199 and 2699(f)(2), and also for attorneys' fees

10   and costs pursuant to Labor Code § 2699(g)(1);

11       (c)   Inaccurate Wage Statements and Failure to Maintain Records: For

12   failure to provide Plaintiff and the Aggrieved Employees with accurate, itemized

13   wage statements and failure to maintain employment records for Plaintiff and

14   Aggrieved Employees under Labor Code §§ 226, 1174, and 1198.5, and Sections

15   7(A), 7(B), and 7(C) of the applicable IWC Wage Order(s) seeking all civil and

16   statutory penalties and wages available and applicable under Labor Code §§ 226(e),

17   226.3, 558, 1174.5, 1199, and 2699(f)(2), and paragraph 20 of the applicable IWC

18   Wage Order, and also for attorneys' fees and costs pursuant to Labor Code §

19   2699(g)(1). More specifically, by providing inaccurate wage statements and failing

20   to maintain records as required under Labor Code § 226(a), Defendants committed

21   ongoing violations giving rise to civil penalties under Labor Code §226.3, which in

22   addition to other penalties provided by law, subjects Defendants to "a penalty in the

23   amount of two hundred fifty dollars ($250) per employee per violation in an initial

24   citation and one thousand dollars ($1,000) per employee for each violation in a

25   subsequent citation, …";

26       (d)   Failure to Timely Pay Wages: For failure to timely pay all wages owed,

27   including at least semi-monthly and upon separation or termination, under Labor

28   Code §§ 201, 201, 203, 204, 226.2, 1197.5, 2926, and 2927 seeking all civil

penalties available and applicable, and wages, under Labor Code §§ 201, 202, 203, 210, 558, 1197, 1198, 1199 and 2699(f)(2), and paragraph 20 of the applicable IWC Wage Orders, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

(e)     Unlawful Deductions and Failure to Reimburse Necessary Business Expenses:  For Defendants' unlawful deductions from wages and for Defendants' failure to reimburse the necessary work related expenses incurred under Labor Code §§ 221, 1197, 1197.1, 1198, and 2802, and Sections 2(K), 4, 9, and 20 of the applicable IWC Wage Order(s), seeking civil penalties available and applicable under Labor Code §§ 221, 1197, 1197.1, 1198, 2802, 2699.5, and 2699(f)(2) and paragraph 9 and 20 of the IWC Wage Orders, and also attorneys' fees and costs pursuant to Labor Code § 2699(g)(1); and

(f)     All Alleged Violations of the IWC Wage Orders:  For any above addressed violation of the applicable provisions of the IWC Wage Orders constituting violations of Labor Code § 1198 and Labor Code § 2699.5, and seeking penalties available and applicable under Labor Code § 2699(f)(2) and paragraph 20 of the applicable IWC Wage Orders, and for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

143.   The penalties shall be allocated under Labor Code § 2699(i) as follows: 75% to the Labor and Workforce Development Agency (LWDA) and 25% to the affected employees.

144.   As also addressed above, Plaintiff, on behalf of the Aggrieved Employees, also seeks the penalties and remedies set forth in Labor Code § 558, which states:

(a)     Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover

underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

(b)    If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.

(c)    The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

145.    Plaintiff has exhausted his administrative remedy by sending a certified letter to the LWDA and Defendants postmarked on **November 6, 2019** addressing in detail the specific provisions of the Labor Code Defendants have violated and addressing the facts and legal theories to support the alleged violations. The LWDA has not provided notice of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the letter, and Plaintiff adds this claim seeking penalties under the PAGA for the violations addressed herein and in the PAGA Notice letter and the original Complaint.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1.    For an order certifying this action as a class action;

2.    For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3.    For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.    For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

SECOND AMENDED CLASS ACTION COMPLAINT

5.    For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6.    For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7.    For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

8.    For restitution and/or damages and penalties for Defendants' failure to pay all wages due twice monthly under Labor Code § 204, as may be proven;

9.    For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 221, as may be proven;

10.    For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

11.    For damages and restitution for failure to reimburse all reasonable and necessary business expenses incurred by Employees as required by Labor Code § 2802, as may be proven;

12.    For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq.*, including disgorgement or profits, as may be proven;

13.    For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

14.    For penalties pursuant to Labor Code § 2698 *et seq.*, as may be proven;

15.    For wages and penalties under Labor Code § 558, as may be proven;

- 55 -

16.    For other wages and penalties under the <u>Labor Code</u> as may be proven;

17.    For all general, special, and incidental damages as may be proven;

18.    For an award of pre-judgment and post-judgment interest;

19.    For an award providing for the payment of the costs of this suit;

20.    For an award of attorneys' fees; and

21.    For such other and further relief as this Court may deem proper and just.


DATED:  September 25, 2020                    DAVID YEREMIAN & ASSOCIATES, INC.


By _____
David Yeremian
Alvin B. Lindsay
Attorneys for Plaintiff LEONARD EARL SHACKELFORD and all others similarly situated

SECOND AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

   Plaintiff hereby demands trial of his claims by jury to the extent authorized by

3

law.

4

5

DATED:  September 25, 2020

DAVID YEREMIAN & ASSOCIATES, INC.

6

7

8

By _____
David Yeremian
Alvin B. Lindsay
Attorneys for Plaintiff LEONARD EARL SHACKELFORD and all others similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 57 -
SECOND AMENDED CLASS ACTION COMPLAINT