JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD EARL SHACKELFORD, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SIMPLIFIED LABOR STAFFING SOLUTIONS, INC., a California corporation; DAMCO DISTRIBUTION SERVICES INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-06846-AB-AFM<br><br>Class Action<br><br>Assigned for All Purposes to:<br>Hon. Andre Birotte, Jr.<br>Courtroom 7B<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing: February 19, 2021<br>Time: 10:00 a.m.<br>Judge: Hon. Andre Birotte, Jr.<br>Location: Courtroom 7B<br><br>Complaint filed: November 6, 2019<br>Amended Complaint: January 28, 2020<br>Second Amended: September 25, 2020<br>Removed: July 30, 2020 |

ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# ORDER

This matter came before the Court on **February 19, 2021** on the unopposed motion by Plaintiff LEONARD SHACKELFORD ("Plaintiff"), on behalf of himself and all other similarly situated employees of Defendants SIMPLIFIED LABOR STAFFING SOLUTIONS, INC. ("SLSS") and DAMCO DISTRIBUTION SERVICES INC. ("Damco") ("Defendants") (collectively, "the parties") for final approval of the parties' Joint Stipulation of Class Action Settlement and Release ("Settlement" or "Settlement Agreement"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The Motion was heard with Plaintiff's concurrently filed motion for an Order awarding requested attorneys' fees and reasonable litigation costs to Plaintiff's counsel and awarding the Class Representative Enhancement Payment to Plaintiff ("Fees and Costs Motion") as addressed in detail in the Settlement Agreement.

The parties' Settlement Agreement was provided at Exhibit A to the Declaration of Class Counsel, David Yeremian in support of preliminary approval (ECF No. 24-3), and included the proposed Class Notice for sending to the Class members at Exhibit A to the Settlement Agreement. A copy of the Settlement Agreement, and the Addendum to it pursuant to the Court's Order at ECF No. 31, is also provided at Exhibit A to Class Counsel's Declaration in support of this Motion.

On October 30, 2021, the Court entered its Order Granting Preliminary Approval of Class Action Settlement. (ECF No. 27). The Court then entered an Order continuing the hearing on Plaintiff's motion to February 19, 2021 (ECF Nos. 28-29), and authorizing the Addendum the parties requested. (ECF Nos. 30-31).

In accordance with the order granting preliminary approval, and in compliance with due process, the Settlement Administrator (Simpluris, Inc.) sent the Class Notice to each of the 15,993 Class Members. The Class Notice informed them of the terms of the Settlement, the right to participate in the Settlement, the right to object to the Settlement, the right to request exclusion and pursue their own

1
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

remedies, and the right to appear in person or by counsel at the final approval hearing regarding final approval of the Settlement.

  Plaintiff's unopposed motion for final approval asks the Court to enter this Order granting final approval of the Settlement and entry of judgment that will bind each of the 15,987 Settlement Class Member and will operate as a full release and discharge of the Released Claims (as defined in the Settlement Agreement).

  Having received and considered Plaintiff's motion for final approval of the Settlement and supporting documents, Plaintiff's unopposed Fees and Costs Motion, the file in this case, and the evidence and argument received by the Court before entering the Preliminary Approval Order and before and in connection with the final approval hearing, **THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

  1. The terms in this order shall have the same meaning as assigned to them in the Settlement Agreement.

  2. The Settlement Administrator (Simpluris, Inc.) has fulfilled its initial notice and reporting duties under the Settlement Agreement.

  3. The Class Notice: (i) was the best practicable notice under the facts and circumstances of this case; (ii) was reasonably calculated to apprise Class Members of the pendency of the Action, their right to participate in the Settlement, their right to exclude themselves from the Settlement, and their right to object to, and/or appear at the Final Approval Hearing for, the Settlement; and (iii) constituted due, adequate, and sufficient notice of a class settlement under Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law. Six Class Members requested exclusion from the Settlement, and none objected to it. Therefore, there are 15,987 total Settlement Class Members.

  4. The notice of settlement served by Plaintiff on the California Labor and Workforce Development Agency ("LWDA") satisfied the requirements of the PAGA. The LWDA has expressed no objection to the Settlement.

5. The terms of the Settlement are fair, reasonable and adequate, and the standards and applicable requirements for final approval of this class action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure.

6. The Settlement has been reached as a result of intensive, serious, and non-collusive, arms-length negotiations and was achieved with the aid of an experienced mediator. The Settlement was entered into in good faith as to each Settlement Class Member.

7. Class Counsel are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable and adequate.

8. Taking into consideration: the nature of the Plaintiff's claims; the nature of Defendant's defenses; the expense, complexity and likely duration of further litigation; and the risk of attaining and maintaining class action status throughout the litigation, the amounts paid under the Settlement are fair and reasonable. Moreover, the allocation of settlement proceeds among the Settlement Class Members is fair, adequate and reasonable. The fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial also supports the Court's decision granting final approval.

9. The Court appoints Plaintiff as representative of, and Class Counsel as counsel for, the Settlement Class Members for the purpose of entering into and implementing the Settlement.

10. The Settlement Administrator is to execute the distribution of proceeds pursuant to the terms of the Settlement.

11. As of the Effective Date, the Plaintiff and the Settlement Class Members will release Defendant and the Released Parties from the Released Claims for the Released Claims Period, as those terms are defined in the Settlement Agreement.

12. The PAGA Payment arising under the California Private Attorneys General Act of $100,000.00 is approved, with the LWDA receiving $75,000.00 and the remaining $25,000.00 being redistributed to the Class members. Payment of that amount shall be paid from the Gross Settlement Amount in accordance with the Settlement Agreement, and there shall be no further recourse for the civil penalties released under the terms of the Settlement.

13. Notwithstanding the submission of a timely request for exclusion, California Class Members are still bound by the settlement and release of the PAGA Claims or remedies under this judgment pursuant to *Arias v. Superior Court*, 46 Cal. 4th 969 (2009), as requests for exclusion do not apply to the PAGA Claims. The State of California's claims for civil penalties pursuant to PAGA are also extinguished. There were only six requests for exclusion.

14. The fees, expenses, and any other costs of Simpluris, Inc. in administering the Settlement, in the amount of **$60,000.00**, are fair and reasonable. Payment of that amount shall be paid out of the Gross Settlement Amount in accordance with the Settlement Agreement, which shall fully, finally and completely compensate Simpluris for all fees, expenses and any other costs in administering the Settlement.

15. Based upon application by Class Counsel and Plaintiff, and his valuable contribution to this litigation, the Court approves the payment of a Class Representative Enhancement Payment in the amount of **$5,000.00** to Plaintiff (in addition to any recovery he may receive as a member of the Settlement Class) in recognition of his efforts and the risks he undertook in prosecuting this Action.

16. Based upon application by Class Counsel, the Court approves the payment of attorneys' fees to Class Counsel in the amount of **$325,000.00**, which is 25% of the Class Settlement Amount, to be paid in the manner set forth in the Settlement Agreement. Plaintiff's request for an award of reasonable litigation costs is also approved. Out of the $20,000 allocated to costs, Class Counsel has incurred

approximately **$13,068.44 i**n costs through final approval. Class Counsel is awarded this amount, and the difference between that number and the amount allocated under the Settlement will be added back into the Net Settlement Amount to be distributed to the Settlement Class Members in accordance with their workweeks worked.

17. The Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings that encompass any of Plaintiff's claims and the Released Claims released by the Settlement Class Members. The Settlement Agreement and this Final Approval Order and Judgment shall be binding on Plaintiff and the Settlement Class Members and others acting on their behalf.

18. Plaintiff and the Settlement Class Members are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims released in the Settlement Agreement.

19. The Settlement provided for herein, and any proceedings undertaken pursuant thereto, may not be offered, received, or construed as evidence of: a presumption, concession, or an admission by any Party of liability or non-liability; the certifiability or non-certifiability the class and collective claims resolved by the Settlement; the manageability or non-manageability of the PAGA representative claims resolved by the Settlement; provided, however, that reference may be made to this Settlement in such proceedings as may be necessary to effectuate the provisions of this Settlement.

20. This Final Approval Order and Judgment of dismissal shall be entered forthwith, dismissing this Action with prejudice pursuant to Judgment.

21. Without affecting the finality of the Final Approval Order and Judgment, the Court retains continuing jurisdiction over Plaintiff, Defendants, and

the Settlement Class Members as to all matters concerning the administration, consummation, and enforcement of this Settlement Agreement.

22. After settlement administration and distribution of funds have been completed, the Parties shall file a report with this Court certifying compliance with the terms of the Settlement and this Order and Judgment.

23. If this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of claims, appointment of class representatives and appointment of class counsel shall be void and of no further effect, and the parties shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties might have asserted but for the Settlement.

**IT IS SO ORDERED.**

DATED: June 22, 2021

_____
Honorable Andre Birotte, Jr.
United States District Judge